IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VANESSA MARIE MCFADDEN, | § | |
| *Plaintiff,* | §§§ | 5-23-CV-00956-OLG-RBF |
| vs. | §§§ | |
| RELIANT REHABILITATION, | §§§ | |
| *Defendant.* | §§§§§§§§ | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando Garcia:**

Pretrial matters have been referred for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 10. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the matter should be **DISMISSED**.

Proceeding pro se, Vanessa McFadden sued Reliant Rehabilitation under the Americans with Disabilities Act, 42 U.S.C. §§ 12102 *et seq.* Dkt. No. 9. After a slow start, the case was stayed and then reopened on June 12, 2025, with the Court directing that Plaintiff Vanessa Marie McFadden would have 30 days from the date of that Order to amend the live complaint. Dkt. No. 29. Issues with the complaint, however, had been flagged by the Court as early as August 30, 2023. *See* Dkt. No. 4 (Order to Show Cause). Plaintiff attempted to address these issues, *see* Dkt. No. 6, but concerns with the case lingered, *see* Dkt. Nos. 23 & 29. Then, on July 2, 2025, Dennis K. McFadden, a family member of Vanessa McFadden's, informed the Court that Plaintiff

Vanessa McFadden "has passed away from her work related 'illness/injury' on the morning of May 24, 2025." Dkt. No. 31.

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The Court accordingly entered an Order on July 29, 2025, providing that, "given the temporal limitation required under the Rules, Movant shall file a motion for substitution on or before September 30, 2025. Failure to do so *will result in the dismissal of this action*." Dkt. No. 32 at 1 (emphasis added). On November 12, 2025, the Court entered a new Order asking Plaintiff for, within 14 days of the entry of that Order, "a status report updating the Court on the status of the requested substitution and Movant [Dennis] McFadden's desire to continue this case, or else risk this matter being dismissed for want of prosecution and failure to follow a Court order." Dkt. No. 33 at 2. McFadden then filed on December 1, 2025, a Motion to Appoint Counsel, indicating a desire to continue the case, explaining the difficulty experienced by Plaintiff's family in finding a new attorney, and requesting that the Court appoint counsel. Dkt. No. 35.

The merits of Plaintiff's motion aside, it has now been over 5 months since Plaintiff's family filed the suggestion of death. Beginning on July 2, 2025, they had 90 days to file a motion for substitution, making that motion due September 30, 2025. That deadline has long since elapsed, and no motion for substitution has been made. Defendant, meanwhile, filed a Motion to Dismiss on December 1, 2026. It summarizes the situation from Defendant's point of view:

> Over two years have passed since pro se Plaintiff Vanessa Marie McFadden ("Plaintiff") sued her former employer, Defendant Reliant, for alleged

> violations of the [ADA] . . . , and still, Plaintiff has wholly failed to state a claim on which relief may be granted. Of course, Reliant recognizes that Plaintiff's May 24, 2025, death has unavoidably stalled matters in this case. Still, in the over 21 months prior to her death, Plaintiff never filed a complaint in conformance with Federal Rule of Civil Procedure 8(a), and the only pleadings on file are fatally deficient as explained in the Court's August 30, 2023, Show Cause Order, Reliant's prior Motion to Dismiss, and herein. Moreover, nearly five months have lapsed since Plaintiff's death, and Plaintiff's family members have failed to timely and properly move for substitution as required by Federal Rule of Civil Procedure 25 and this Court's July 29, 2025, Order, let alone request an extension of time to do so prior to the deadline. Permitting Plaintiff's family members a further opportunity to continue prosecuting this facially meritless case would cause Reliant to suffer actual and undue prejudice. For all these reasons, the Court should dismiss this case with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6), 25, and/or 41(b).

Dkt. No. 34 at 1-2.

Rule 25 mandates dismissal here. It provides, "If the motion [to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*." Fed. R. Civ. P. 25(a)(1) (emphasis added). The Court has provided Plaintiff's family with ample opportunity to retain counsel or file a Rule 25 substitution. After many months of delay, a great deal of it of course understandable, the only activity has been the filing of a motion to appoint counsel. While the Court is sympathetic given all the family has been through, there is no right to counsel in a civil case. *See Delaughter v. Woodall*, 909 F.3d 130, 140-41 (5th Cir. 2018) (noting, "[t]here is no right to appointment of counsel in civil cases" and that "appointment of counsel should be reserved for cases presenting exceptional circumstances") (internal quotations and citation omitted). The only options available at this point are (1) dismissal or (2) the extraordinary step of appointing counsel and effectively resetting the clock back to day 1 in a case that has been on file since August 3, 2023. There is no real choice here but to dismiss the case under Rule 25's plain mandate.

3

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that this action be **DISMISSED**.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 6th day of January, 2026.

_____

**RICHARD B.  FARRER**
**UNITED STATES MAGISTRATE JUDGE**